**SO ORDERED.**

**SIGNED this 10 day of August, 2011.**



_____
           **Stephani W. Humrickhouse**
           **United States Bankruptcy Judge**
_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| CROATAN SURF CLUB, LLC, | Case No. 11-00194-8-SWH |
|     Debtor. | |
| | |
| ROYAL BANK AMERICA, | Adversary Proceeding |
|     Plaintiff, | No. 11-00097-8-SWH |
|     v. | |
| BKDEAN PROPERTIES, LLC, | |
|     Defendant. | |
| | |
| ROYAL BANK AMERICA, | Adversary Proceeding |
|     Plaintiff, | No. 11-00098-8-SWH |
|     v. | |
| CLARENCE E. DEAN, JR. ET AL. | |
|     Defendants. | |
| | |
| ROYAL BANK AMERICA, | Adversary Proceeding |
|     Plaintiff, | No. 11-00099-8-SWH |
|     v. | |
| ROBERT E. COBURN, ET AL. | |
|     Defendants. | |
| | |
| ROYAL BANK AMERICA, | Adversary Proceeding |
|     Plaintiff, | No. 11-00100-8-SWH |
|     v. | |

KENNETH J. TERMINI,
        Defendant.

| | |
|---|---|
| ROYAL BANK AMERICA,<br>    Plaintiff,<br>       v.<br>TALL DUNE HOLDINGS, LLC.<br>    Defendant. | Adversary Proceeding<br>No. 11-00101-8-SWH |
| ROYAL BANK AMERICA,<br>    Plaintiff,<br>       v.<br>SHANAHAN PROPERTIES, LLC.<br>    Defendant. | Adversary Proceeding<br>No. 11-00102-8-SWH |
| ROYAL BANK AMERICA,<br>    Plaintiff,<br>       v.<br>COBURN PROPERTIES, LLC.<br>    Defendant. | Adversary Proceeding<br>No. 11-00103-8-SWH |
| ROYAL BANK AMERICA,<br>    Plaintiff,<br>       v.<br>JEREMIAH T. SHANAHAN,<br>    Defendant. | Adversary Proceeding<br>No. 11-00105-8-SWH |

**ORDER DISMISSING MOTION TO AMEND AND
GRANTING MOTION TO STRIKE NOTICES OF REMOVAL**

The matters before the court are the motions filed by Royal Bank America to strike the notices of removal regarding the above-captioned adversary proceedings originating in the Court of Common Pleas for Montgomery County, Pennsylvania[1] or, alternatively, to remand these

---

[1] Case numbers for the previous state proceedings against each defendant are: 10-03745 (BKDean Properties, LLC), 10-03945 (Shanahan Properties, LLC), 10-03963 (Coburn Properties, LLC), 10-03806 (Tall Dune Holdings, LLC), 10-03768 (Clarence E. Dean, Jr. and Kelly Ann Dean), 10-03782 (Kenneth J. Termini), 10-03814 (Jeremiah T. Shanahan), and 10-03775 (Robert E. Coburn and Denise Coburn).

2

adversary proceedings to that state court under 28 U.S.C. § 1452(b). A hearing was held in Raleigh, North Carolina, on June 29, 2011. At the hearing the court gave the parties permission to file supplemental memoranda of law in support of their positions, and both the plaintiff and defendants did so. After the hearing, Debtor moved to amend the notices of removal, to which motion the plaintiff objected. For the reasons set forth below, the motions to amend will be dismissed, and the motions to strike will be granted.

## BACKGROUND

Croatan Surf Club, LLC obtained a construction loan from plaintiff Royal Bank America ("RBA") in 2007, pursuant to which RBA agreed to lend to Croatan $17 million to finance construction of a 36 unit condominium project known as the Croatan Surf Club in Kill Devil Hills, Dare County, North Carolina. RBA obtained the guaranties of each of the members of the debtor and the individual principals of the debtor, along with their spouses (collectively, the "Guarantors"). At the time of the loan, each of the Guarantors was required to supply RBA with a confession of judgment to be filed in the event of default. Croatan completed construction of the property but has thus far only sold one of the units, over two years ago in June 2009.

According to RBA, the loan matured and the entire principal balance became due on January 1, 2010. RBA sent a default notice to Croatan in January 2010, and subsequently initiated foreclosure proceedings. On or about February 12, 2010, RBC filed separate confessions of judgment against each of the Guarantors in the Court of Common Pleas for Montgomery County, Pennsylvania, in the amount of $18,942,747.18 plus interest, costs and fees. RBA did not initiate a similar state court action against Croatan. The Guarantors moved to strike and/or open the confessions of judgment on March 30, 2010. The state court denied the Guarantors' petition to open

3

but RBC states that counsel for RBC and the Guarantors have agreed to file a joint stipulation requesting that the state court vacate the order denying the petition to open, with the expected end result being that the state court will rule anew on the petition.

On the day prior to a foreclosure sale scheduled for January 11, 2011, Croatan filed a petition under chapter 11. On March 22, 2011, debtor Croatan (not the Guarantors) filed a notice of removal in each of the state court actions pending against the Guarantors. Croatan purported to remove the state cases not to the District Court for the Eastern District of Pennsylvania (or the bankruptcy court, if there is a standing order which so allows), but rather to this Bankruptcy Court for the Eastern District of North Carolina. RBA moved the court to strike the notices of removal or, in the alternative, to remand these actions back to the state court, alleging that the removal was improper for two reasons: 1) the debtor, as the removing party, is not a party to the state court proceedings as required by 28 U.S.C. 1452(a) and, 2) the debtor removed the state court actions to the incorrect federal district court. In response and opposition, debtor and the Guarantors contend that since the court has subject matter jurisdiction regarding the underlying dispute, it should excuse the statutory challenges to the notices of removal. Debtor and the Guarantors also seek to amend the notices of removal to add the Guarantors as removing parties. RBA maintains that this court has no jurisdiction to rule on the motion to amend.

## DISCUSSION

At issue in this case is whether the debtor, a non-party, can properly remove the state court actions to this federal court. The statute under which the debtor filed its notices of removal provides:

**§ 1452.  Removal of claims related to bankruptcy cases**

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

When interpreting a statute, the court begins with the statute's plain language.  Palisades Collections LLC v. Shorts, 552 F.3d 327, 331 (4th Cir. 2008), cert. denied sub nom AT&T Mobility LLC v. Shorts, 129 S. Ct. 2826 (2009).  Section 1452(a) provides that only a "party" may remove, and that term has a particular meaning that does not encompass the debtor in this case.  A "party" is one who has either been served or is subject to some "other authority-asserting measure stating the time within which the party served must appear and defend."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see also Myles v. United States, 416 F.3d 551, 552 (7th Cir. 2005) (holding that a party to an action is someone who has been named in the complaint and served).  This court concurs with virtually every other court to consider the question that the plain language of § 1452(a) "clearly requires that removal be initiated by a 'party' to the action." Whitney Lane Holdings, LLC v. Don Realty, LLC, 2010 WL 1257879 (N.D.N.Y 2010), citing In re Methyl Tertiary Butyl Ether Prods. Liabl. Litig., 488 F.3d 112, 134 (2d Cir. 2007); see also Hayim v. Goetz (In re: SOL, LLC), 419 B.R. 498, 503 (Bankr. S.D. Fla. 2009) ("Under the bankruptcy removal statute, only a 'party' may remove."); Lux v. D'Angeli Bldg. & Constr. Co. (In re Selig), 1994 WL 90049 at *1 (Bankr. E.D. Pa. 1994) (stating that "only a party to an action in nonbankruptcy court may remove that action to a bankruptcy court").

The Fourth Circuit recently considered a similar question when it determined that under 28 U.S.C. § 1453(b), which provides that a state court class action may be removed to federal court

5

by "any defendant," only the original defendant to the complaint may remove the action. In so deciding, the appellate court rejected arguments that "defendant" could be read to include "counter-defendant" and "third-party defendant." In the removal context, the court reasoned, "defendant" is "understood to mean only the original defendant." Palisades, 552 F.3d at 334. The court contrasted the use of the word "defendant" in § 1453(b) with the use of the word "party" in § 1452(a), and noted that "Congress has shown the ability to clearly extend the reach of the removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants," but chose not to do so in § 1453. Id. at 333 (citing and quoting 28 U.S.C. § 1452(a)). Similarly, the debtor is not a party to any of the state court actions, and there is no basis on which to stretch the meaning of the word "party"[2] to include individuals and entities neither named or served in the case.

Courts are "obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated" and, "if federal jurisdiction is doubtful, a remand to state court is necessary." Id., citing Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F. 3d 255, 260 (4th Cir. 2005) (internal quotations, citations and alterations omitted). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F. 3d 269, 274 (2nd Cir. 1994), quoted in Whitney Lane Holdings, 2010 WL 1257879 at *3. Indeed, removal is a "'purely statutory right'"

---

[2] Debtor contends that it potentially could have been a party, because it could have intervened pursuant to statutory intervention rules in effect in the State of Pennsylvania. If the debtor had successfully intervened in the case, removed to the appropriate district court, and then sought to transfer venue to this court, it might have arrived at the postural place it now seeks. However, the debtor did not do those things, and its failure to comply with the statute under which it was required to proceed constitutes much more than a "technical defect." Guarantors' Supp. Brief in Opp. to Mot. of RBA to Strike at 7.

and an "invasion of state court jurisdiction," and thus must be construed narrowly."³  Linnemann v. Post (In re Mission Bay Ski & Bike, Inc.), 2007 WL 4390331*2 (Bankr. N.D. Ill. 2007) (quoting Sheda v. U.S. Dep't of Treasury, 196 F. Supp. 2d 743, 746 (N.D. Ill. 2002) and citing People of State of Ill. v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982)).  See also Palisades, 552 F.2d at 330 (emphasizing need to be mindful that "federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations."  Citing Strawn v. AT&T Mobility L.L.C., 530 F.3d 293, 296 (4th Cir. 2008)).

Accordingly, because the debtor is not a party to the state court actions against the Guarantors, the debtor's "attempted removal" of these actions becomes "a nullity." Hayim, 419 B.R. at 503; see also, e.g., Linnemann, 2007 WL 4390331 at * 3 (stating that a non-party to the action has "no right to remove"); Pereira v. Dunnington (In re 47-49 Charles St.), 211 B.R. 5, 3 (S.D.N.Y. 1997) (stating that tenant, whose motions to intervene in ongoing landlord tenant actions had been denied, could not "remove the actions in his own name"); In re Tilley, 42 B.R. 827, 829 (Bankr. E.D. Va. 1984) (proper removal may be done by a party to the action to be removed).

Debtor's attempted removal of the state court actions is deficient in another important respect as well.  Again in contravention of the plain language of the statute, the state court actions were not

---

³ Linneman criticizes two cases upon which the debtor relies: Hughes-Bechtol, Inc. v. Air Enters., Inc. (In re Hughes-Bechtol, Inc.), 107 B.R. 552 (Bankr. S.D. Ohio 1989), and Cincinnati Milacron Marketing Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908 (Bankr. N.D. Ill. 1982). As the Linneman court noted, "[t]hese courts appeared to conclude that removal of an action is proper, regardless of who removes it, as long as the bankruptcy court has jurisdiction over the action." Linneman, 2007 WL 4390331 at *2.  While both Wesco and Hughes-Bechtol support the notion that "a non-party can remove as long as the requirements of bankruptcy jurisdiction are satisfied,"Linneman, 2007 WL 4390331 at *2, this court agrees with the Linneman court that jurisdiction is not the only requirement for proper removal.  Id. at *2.  In light of the statutes's plain language, and given the Fourth Circuit's clear directive that jurisdiction derived from a statutory source must be construed narrowly, the court finds this line of reasoning unpersuasive.

removed to the "district court where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title."  Instead of removing to the district court for the Eastern District of Pennsylvania (or to the bankruptcy court for that district, if a standing order so allowed) and then seeking to transfer venue to this court, debtor removed directly to this bankruptcy court.  RBA contends that the removal is improper and that debtor should not be permitted to simply bypass the statutory requirements, and protections, of 28 U.S.C. §§ 1452(a) and 1412.  Debtor states in response that even if the state court cases were removed to the wrong federal court, this court has subject matter jurisdiction over the case, and "may decide" that venue is proper here in order to "avoid certain needless procedural steps of removal" to a Pennsylvania federal court, and a subsequent transfer of venue.

These steps, however, are not "needless."  They are statutory.  The court has no authority to excuse debtor's noncompliance with the process by which a state court matter may be removed to a federal court.  The court acknowledges the gist of debtor's arguments – that it would make sense to consolidate, that there are other state-law portions of the litigation between RBA and the debtor and Guarantors already before this bankruptcy court with the consent of all involved, that the debtor's proposed chapter 11 plan could pay off the RBA debt and eliminate the Guarantors' debt, and finally that after proper removal and transfer of venue, the case would ultimately end up in this court.  All of those potential scenarios are well and good, and it may be that RBA and the debtor and Guarantors can, among themselves, negotiate a common-sense resolution of their various issues.  However, these scenarios do not provide a basis on which this court can simply excuse debtor's failure to comply with basic and fundamental steps incumbent on any party seeking to remove an

8

action to federal court. To do so would suggest an arrogance and disregard for state law sovereignty ill-suited to the limited role of a federal court.

Finally, debtor, together with the Guarantors, seeks to cure the first of these defects by amending the notices of removal to identify the Guarantors as removing parties. The debtor filed the notices of removal on March 22, 2011, which was within the 90-day window that began to run upon entry of the order for relief on January 10, 2011. The Guarantors contend that the notice can be amended to reflect that they join in the removal, and relate back to the original filing date, such that the notice would comply with the statutory deadline. Guarantors' Brief in Support of Mot. for Leave to Amend at 3. According to the Guarantors, their failure, as the parties to the state actions, to timely seek removal is merely a technical defect of the sort the court should excuse, and adding each Guarantor as the removing party has "no bearing on the question of whether or not the bankruptcy court has jurisdiction" and thus is not an "essential" jurisdictional allegation of the sort that would preclude amendment. Id. at 5. However, because of the second defect to the notices of removal, i.e., removal to the incorrect court, this court has no jurisdiction to hear the motion to amend, and, accordingly, it will be dismissed. National Developers, Inc. v. CIBA-GEIGY Corporation, 803 F.2d 616 (11th Cir. 1986); Funquest Vacations, Inc. v. Northwest Airlines, Inc., 1998 WL 124222 (Bankr. E.D. Pa.).

The motions to amend the notice of removal are **DISMISSED**, and the motions to strike debtor's notice of removal are **GRANTED.**

**SO ORDERED**.

**END OF DOCUMENT**